**Jimmy Ray BROMGARD,
Plaintiff—Appellant,**

v.

**YELLOWSTONE COUNTY; Bill Kennedy, Chairman; John Ostlund Commissioner; Jim Reno, Commissioner,
Defendants—Appellees.**

**No. 09–35004.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2009.

Filed Nov. 19, 2009.

Ronald F. Waterman, Esquire, Julie A. Johnson, Esquire, Gough Shanahan Johnson & Waterman, Helena, MT, Peter J. Neufeld, Monica R. Shah, Esquire, Cochran Neufeld & Scheck, LLP, New York, NY, for Plaintiff–Appellant.

Kevin Gillen, Deputy Chief Counsel for Litigation, Billings, MT, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge,
FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

For a custom or policy of inaction to amount to deliberate indifference toward constitutional rights and thus be actionable under 42 U.S.C. § 1983, it

> must be the result of a 'conscious,' *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

or 'deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

*Butler v. Elle,* 281 F.3d 1014, 1026 n. 9 (9th Cir.2002) (alteration in original). Bromgard has presented no evidence that the County made a "conscious" or "deliberate choice" of inaction "from among various alternatives." *Id.* The evidence demonstrates that the County was not in a legal or de facto position to hire, supervise, remove or set the compensation of defense attorneys for indigents in 1987. Thus, under *Butler,* the County's inaction cannot amount to deliberate indifference. *Id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.